IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RAYMOND JOHN FREITAS                                                                    PLAINTIFF

vs.                                            Civil No. 2:11-cv-02058

MICHAEL J. ASTRUE                                                                       DEFENDANT
Commissioner, Social Security Administration

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Raymond John Freitas ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Robert T. Dawson referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.     Background:**

Plaintiff protectively filed his disability applications on December 20, 2006. (Tr. 83, 115-125).[1] In his applications, Plaintiff alleged he was disabled due to asthma and back pain. (Tr. 144). Plaintiff also alleged at the administrative hearing in this matter that he was disabled due pain, fatigue, weight or obesity, breathing problems, hearing, anxiety, and depression. (Tr. 53). Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

alleged an onset date of February 1, 2006. (Tr. 83). These applications were denied initially and again upon reconsideration. (Tr. 76-79).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 37-75, 113-114). An administrative hearing was held on January 9, 2009 in Fort Smith, Arkansas. (Tr. 37-75). Plaintiff was present and was represented by Davis Duty at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Jim Spragins testified at this hearing. *Id.*

On March 31, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications. (Tr. 83-92). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2011. (Tr. 85, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 1, 2006, his alleged onset date. (Tr. 85, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative joint disease, chronic dysthymia or depression, and asthma. (Tr. 85, Finding 3). The ALJ also determined none of Plaintiff's impairments met the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 85-87, Finding 4).

The ALJ determined Plaintiff was thirty-four (34) years old on his disability alleged onset date. (Tr. 90, Finding 7). Such an individual is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) and 20 C.F.R. § 416.963(c)(2008). *Id.* The ALJ also determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 90, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 87-90, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record that

2

Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). From a mental standpoint, he is moderately limited in the ability to understand, remember, and carry out complex instructions, respond appropriately to usual work situations and routine work changes, and interact appropriately with co-workers and supervisors. Moderately limited means there is more than a slight limitation, but the person can still perform in a satisfactory manner.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff did not retain the capacity to perform his PRW. (Tr. 90, Finding 6). The ALJ also determined, however, that there was other work Plaintiff could perform in the national economy, considering his age, education, work experience, and RFC. (Tr. 91, Finding 10). The ALJ based this finding upon the testimony of the VE. (Tr. 60-63). Specifically, the ALJ found that considering all Plaintiff's vocational factors, a hypothetical person would be able to perform the requirements of unskilled, sedentary jobs such as a small production machine operator with 500 such jobs in the regional economy and 4,000 in the national economy; small products assembler with 3,500 such jobs in the regional economy and 140,000 such jobs in the national economy; and food order clerk with 2,000 such jobs in the regional economy and 250,000 such jobs in the national economy. (Tr. 91). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability as defined by the Act from February 1, 2006 through the date of his decision or through March 31, 2009. (Tr. 91, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6-15). *See* 20 C.F.R. § 404.968. On January 21, 2011, the Appeals Council declined to review the unfavorable decision. (Tr. 1-3). On March 28, 2011, Plaintiff filed the present appeal.

ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 12-13. This case is now ready for decision.

**2.	Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.     **Discussion:**

In his appeal brief, Plaintiff claims the following: (1) the ALJ failed to properly consider all of the evidence in the record; (2) the ALJ improperly evaluated his severe impairments; (3) the ALJ improperly determined his RFC; and (4) the ALJ improperly determined he could perform other work. ECF No. 12. Because this Court finds the ALJ erred by determining his obesity was non-severe, this Court will only address Plaintiff's second argument for reversal.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v.*

*Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low or *de minimis* standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In the present action, Plaintiff claims he is disabled due to obesity. (Tr. 53). Indeed, at the administrative hearing in this matter, Plaintiff testified that his "weight's a big issue." *Id.* The ALJ, however, found Plaintiff only suffered from the following severe impairments: degenerative joint disease, chronic dysthymia or depression, and asthma. (Tr. 85, Finding 3). In making this finding, the ALJ determined Plaintiff's obesity was non-severe and did not meet the low or *de minimis* standard as articulated by the Eighth Circuit and the U.S. Supreme Court. That determination was in error. While this impairment may not necessarily be *disabling,* the medical evidence demonstrates Plaintiff's obesity causes more than *slight abnormalities,* which is all that is required for an impairment to be considered "severe."

For example, the medical records demonstrate that on June 11, 2007, Plaintiff underwent a consultative physical examination by Dr. William G. Swindell, M.D. (Tr. 239-251). During that appointment, Plaintiff was 5'7" and weighed 368 pounds. (Tr. 247). Dr. Swindell diagnosed

Plaintiff with obesity and found Plaintiff had several functional limitations due to this obesity, including limitations in his ability to walk, stand, sit, lift, and carry. (Tr. 251). Plaintiff was treated on July 8, 2008 by the Good Samaritan Clinic, was found to be 366 pounds, and was diagnosed with obesity. (Tr. 301). Again, on January 6, 2009, Plaintiff was diagnosed with obesity and found to have functional limitations due to his obesity. (Tr. 308-314).

Considering this information, the ALJ should have determined Plaintiff's obesity caused him more than a slight abnormality. Because it caused more than a slight abnormality, it should have been found to be severe. At the very least, the ALJ should have found Plaintiff's obesity was a severe impairment and considered same in making his disability determination. Accordingly, this case must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that this case be reversed and remanded.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

ENTERED this 18th day of April, 2012.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE